UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GIULIA W. VANDERLAAN,<br><br>    Plaintiff,<br><br>v.<br><br>LAW OFFICES OF SCHEER, GREEN, &<br>BURKE, CO. L.P.A.,<br><br>    Defendant. | Case No. 4:21-cv-03155 |

## COMPLAINT FOR RELIEF

**NOW COMES** Plaintiff Giulia W. VanderLaan ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of Law offices of Scheer, Green, & Burke, Co. L.P.A. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

3.   Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

4.   Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within

the Southern District of Texas.

## PARTIES

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in the Southern District of Texas.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. Defendant maintains a principal place of business at 1 Seagate, Suite 640, Toledo, Ohio 43604.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

## FACTS SUPPORTING CAUSES OF ACTION

12. Prior to events giving rise, Plaintiff incurred a medical debt from Memorial Hermann the Woodlands Medical Center for $1,364.00 ("subject debt").

13. Due to financial difficultly, Plaintiff was unable to sustain payments and defaulted on the subject debt.

14. Soon thereafter, Defendant acquired the right to collect on the subject debt.

15. On August 19, 2021, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

16. Defendant's Letter depicted, in pertinent part, as follows:



# Law offices of
## Scheer, Green, & Burke, Co. L.P.A.

1 Seagate, Suite 640 • Toledo, Ohio 43604-1558
Telephone (419) 243-2283 • Toll Free (800) 583-9241
Facsimile: (419) 463-9139
Pay Online: nationalcollectionattorneys.com
*Please use Chrome browser to use our site*

August 19, 2021

GIULIA VANDERLAAN
9006 Autumn Harvest Dr
Houston TX 77064-4848

Balance Due: $1,364.00
File Number(s).: 16683308

Regarding your account with:
MHHS THE WOODLANDS HOSPITAL

Dear GIULIA VANDERLAAN:

The above-mentioned account has been referred to this office for collection. The amount stated above is the current balance due.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

In review of the above referenced account, you may be eligible for a discount from the balance currently due to our creditor. Please respond by calling (419) 243-2283 and press #2, on or before 09/20/2021.

FEEL FREE to email us on the website NATIONALCOLLECTIONATTORNEYS.COM in addition to calling us.

Although we are a law firm, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account, evaluated your case or made any recommendations concerning the validity of the creditor's claims.

Very Truly Yours,

Law Offices of
Scheer, Green, & Burke, Co. L.P.A.

190-SFSGBC30-SL-9/05/12

*** Please detach the lower portion and return with your payment ***

Y2782A20A5

PO Box 1312
Toledo OH 43603-1312
ELECTRONIC SERVICE REQUESTED

Visa and Mastercard are accepted. If you would like to make payments by credit card please contact our office at (419) 243-2283.

August 19, 2021

File No.: 16683308
Balance Due: $1,364.00

GIULIA VANDERLAAN
9006 Autumn Harvest Dr
Houston TX 77064-4848

Scheer, Green, & Burke Co. L.P.A.
PO Box 1312
Toledo OH 43603-1312

17. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

18. Specifically, Defendant's Letter states "Regarding your account with:" and "MHHS THE WOODLANDS HOSPITAL," but does not identify the **current creditor.**

19. Defendant's Letter confused Plaintiff as she was unable to determine if the original creditor, "MHHS THE WOODLANDS HOSPITAL," was also the current creditor.

20. In other words, just because Memorial Herman the Woodlands Medical Center, may have been the original creditor does not necessarily mean that it is also the **current creditor.**

21. Further obfuscating the identity of the **current creditor**, Defendant's Letter requested that payment be made directly to Defendant, and not Memorial Herman the Woodlands Medical Center.

22. Defendant's Letter was additionally confusing because it did not conspicuously identify Memorial Herman the Woodlands Medical Center, as Defendant's "client," or explain how the subject debt was referred to Defendant for collection thus further obscuring the identity of the **current creditor.**

23. Defendant's Letter also stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

24. This language raised the possibility that the subject debt could have been sold but did not clarify who currently owns the subject debt.

25. Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine whether Memorial Hermann the Woodlands Medical Center, Defendant, or an unknown third party was the current creditor.

26. Due to Defendant's Letter's failing to identify the current creditor, Plaintiff's decision to pay the subject debt was impacted because she was confused and mislead in its representation.

27. Accordingly, Plaintiff was deprived of her right to receive critical information required by the FDCPA.

28. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### DAMAGES

29. Defendant's actions of misleading the status and owner of the debt without revealing this information to the Plaintiff has severely disrupted her daily life and general well-being.

30. Plaintiff was unduly inconvenienced by Defendant's unlawful attempts of collecting on a debt without providing the name of the creditor to whom the debt is owed to.

31. Plaintiff has expended time and money consulting with attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

34. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

35. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

36. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

37. Defendant used the mail to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

38. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

39. Defendant violated 15 U.S.C. §§1692g(a)(2) through its unlawful debt collection practices.

### a. Violation of FDCPA § 1692g

40. Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) **the name of the creditor to whom the debt is owed**;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

42. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

43. Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

44. As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether Memorial Hermann the Woodlands Medical Center, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed.

45. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

46. Assuming that Memorial Hermann the Woodlands Medical Center, is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.*, 948 F.3d 761, 765 (7th Cir. 2020).

47. Plaintiff may enforce the provisions of §15 U.S.C. g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

  (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff GIULIA W. VANDERLAAN respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from further communicating with Plaintiff;

c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

48. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

50. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

51. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a. Violations of TDCA § 392.304 (4)

52. Section 392.304 (4) of the Texas Finance Code prohibits: FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: (4) failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money.

53. Defendant violated Tex. Fin. Code Ann. § 392.304(4)(a) by not specifically and clearly identifying to whom the debt is owed.

54. As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether Memorial Hermann the Woodlands Medical Center, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed.

55. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.304(4)(a) and 392.304(7);

b. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

c. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

d. Awarding any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands a trial by jury.**

Dated: September 28, 2021

Respectfully submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
mdaher@sulaimanlaw.com